9 F.3d 1544
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Lynwood Earl SMITH, Plaintiff-Appellant,
v.
Fred MOODY; Johnny Leon MOODY, Defendants-Appellees.
 No. 93-1552.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: October 26, 1993.
Decided: November 19, 1993.
 
 Appeal from the United States District Court for the Eastern District of North Carolina, at New Bern.
 Lynwood Earl Smith, Appellant Pro Se.
 James Stockton Perry, Perry, Perry & Perry, for Appellees.
 E.D.N.C.
 VACATED AND REMANDED
 Before MURNAGHAN, WILKINS, and LUTTIG, Circuit Judges.
 PER CURIAM:
 
 OPINION
 
 1
 Lynwood Earl Smith filed a state court action seeking to quiet title to certain real and personal property confiscated by the Internal Revenue Service and sold to Fred and Johnny Leon Moody, Defendants below. Smith claimed that IRS agents failed to strictly comply with statutes and regulations, invalidating the deed to the Moodys. The Moodys removed the case to federal court and filed a motion to dismiss on the ground that Smith failed to join the United States, an indispensable party. Smith had already filed another suit, Smith v. Robinson No. CA-92-38-CIV-4-H (E.D.N.C. May 19, 1992), against the United States based essentially upon the same allegations set forth in the instant complaint; the suit was dismissed with prejudice on motion of the United States for lack of jurisdiction.
 
 
 2
 Smith objected to the removal in the instant case, and sought a remand to state court asserting that his claim was only a state claim to quiet title and not a federal question. The district court determined that removal was proper because Smith's complaint alleged violations of 26 U.S.C.A. §§ 6331, 6335 (1988), and other federal laws and regulations.
 
 
 3
 The Moodys claimed on summary judgment that Smith failed to exhaust his administrative remedies through the IRS. They attached as an exhibit in support of their motion a February 13, 1992, letter to Smith from the Chief of the Eastern Field Branch of the IRS stating that all procedures were properly followed by IRS and that any further appeal should be directed to the IRS Problem Resolution Officer.
 
 
 4
 Smith responded to a district court order requesting proof of exhaustion pursuant to 26 U.S.C. § 7433(d)(1) (1988)* by asserting that he was not required to exhaust administrative remedies because (1) he did not sue the United States; and (2) his complaint was a state action to quiet title. He reiterated his contention that the action was improperly removed to federal court, thereby renewing his motion to remand the case to state court.
 
 
 5
 The district court held that although 26 U.S.C.s 7433(d)(1) did not require Smith to exhaust his claims against the Moodys (though it would clearly require exhaustion as to the United States), exhaustion was nevertheless required under the rule of judicial administration. Finding that Smith did not pursue all administrative remedies available to him by the IRS, the district court dismissed the complaint for lack of subject matter jurisdiction. Smith timely appeals. We find that the district court did not have subject matter jurisdiction over Smith's action against the Moodys and that the district court should have remanded the case to state court pursuant to 28 U.S.C. § 1447(c) (1988).
 
 
 6
 Smith purposely sued only the Moodys in this case. Although the district court provided Smith several opportunities to name the United States as a defendant, Smith refused. Evidently, from Smith's responses to the district judge's orders, Smith has no intention of suing the United States in this action. Further, Smith's previous claim against the IRS was dismissed with prejudice in No. 92-38-CIV-4-H. Consequently, although the district judge dismissed the present case for failure to exhaust administrative remedies, even if Smith had exhausted his available remedies with the IRS, any suit he could have brought against the IRS regarding the seizure and sale of his property would have been precluded by the doctrine of res judicata.
 
 
 7
 We find that Smith's claim against the Moodys is strictly a state law claim to quiet title. No independent federal jurisdiction exists over this claim; the proper forum for decision of any claim against the Moodys is state court. Accordingly, the district court should have remanded the case under 28 U.S.C. § 1447(c) (1988). We therefore vacate and remand the case to the district court with instructions that the district court remand the case to state court pursuant to 26 U.S.C. § 1447(c). We grant Smith's motion to expedite to the extent that the appeal was decided as quickly as possible given the Court's current caseload. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 VACATED AND REMANDED
 
 8
 (a) In general.-If, in connection with any collection of Federal tax with respect to a taxpayer, any officer or employee of the Internal Revenue Service recklessly or intentionally disregards any provision of this title, or any regulation promulgated under this title, such taxpayer may bring a civil action for damages against the United States in a district court of the United States. Except as provided in section 7432, such civil action shall be the exclusive remedy for recovering damages resulting from such actions....
 
 
 
 *
 Section § 7433 provides, in pertinent part:
 (d) Limitations.-
 (1) Requirement that administrative remedies be exhausted.-A judgment for damages shall not be awarded under subsection (b) unless the court determines that the plaintiff has exhausted the administrative remedies available to such plaintiff within the Internal Revenue Service.